Argued April 12, affirmed July 31, 1928.

CHARLES FLECK *v.* GEORGE RUSSELL.

(269 Pac. 883.)

342

For appellant there was a brief over the names of *Mr. I. H. Van Winkle* and *Mr. L. F. Callahan,* with an oral argument by *Mr. J. B. Hosford.*

For respondent there was a brief over the name of *Messrs. Botts & Winslow,* with an oral argument by *Mr. George P. Winslow.*

ROSSMAN, J.—Chapter 153, Section 14, 1921 Session Laws, provides:

"Any dog or dogs running deer or other game animals in any of the fields, woodland, brush land or other territory inhabited by deer, or following upon the track of any game animals of the state, are hereby declared a public nuisance if such dog or dogs are not wearing a leather collar with a license number thereon in compliance with section 9367, Oregon Laws, and may be killed at such time by any game warden or other person entrusted with the enforcement of the game laws of Oregon."

■ The plaintiff contends that the words "may be killed at such time by any game warden" imply that the game-warden must have seen the dog offend in the prohibited manner, and that his execution shall

then take place. The defendant submits that these words do not limit his authority to the time of the offense, but empower him to execute upon information imparted to him by others.

The dog days seem to be here: gradually this faithful friend of man has won his way upward. In the early days of the common law he experienced difficulty in convincing the courts that he possessed the capacity of being property; but when he won this victory he was not content, but insisted that he was capable of becoming the subject matter of a larceny charge; many statutes to-day so recognize. But the dog's victory has now become so complete that we find in the reports of the appellate courts many decisions affirming the convictions of those who needlessly took the life of a dog. The words of the statute before us seem clear; to hold that the game-warden's authority is limited to ''such time'' as the offense occurs does not suspend these words upon the bare legislative fiat and deprive them of the support of reason. The legislature very properly may have believed that a dog's life should depend upon something more substantial than the hearsay information gathered by a deputy game-warden, perhaps at a time when the informant's recollection suffered by the passage of time. Since there is substantial reason to support the plain words of the statute, there is no occasion for construction; we accept the statute as we find it.

█ It will be observed from the portion of the act which we have quoted that the game-warden is authorized to deal with unlicensed dogs only in this summary manner. Chapter 254, 1925 Session Laws, provides: ''Every person owning or keeping any dog over the age of eight months within the state of

Oregon shall, not later than March 1 of each year * * procure from the county clerk * * a license for such dog. * * '' The court received evidence that the dog was not quite a year old when the defendant killed it, and that its birth occurred September 19, 1925. The answer alleged on information and belief that the dog was about two years old; the defendant made an offer of proof to this effect, which was rejected. This was followed by some discussion between the judge and counsel, and finally in the instructions of the jury we find:

"It is uncontradicted in this case that the dog was twelve months old on September 19, 1926, and therefore it was not necessary for plaintiff to have procured a license for such dog between January 1st and March 1st, 1926, or for the year 1926 at all."

No exception was taken to this instruction. Such being the case the defendant took the life of a dog whose death the statute had not decreed. Further the statute, as we have seen, authorized the defendant to kill dogs only at the time of their offenses; hence the defendant's alleged justification was insufficient.

Finding no error in the record, the judgment of the Circuit Court is affirmed.          AFFIRMED.

RAND, C. J., and COSHOW and MCBRIDE, JJ., concur.